Quinn Fulston
354 Doremus Ave.
Newark, NJ 07105

July 6, 2023

Case #: 19-CR-109

## NOTICE OF APPEAL

Dear Hon. Judge Hayden,

I would like to submit my notice of appeal on my case. I would also like to request that I be assigned a new attorney for my appeal, as my attorney no longer works for the law firm and there are some issues related to him.

Thank you, Your Honor for you time and kind attention.

Sincerely,

Quinn Fulston

## BACKGROUND

USCS 922(g)(1) states: "*(g) It shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.*" The defendant has a prior conviction for a crime that is punishable with a sentence exceeding one year and as per the 1961 Federal Firearms Act is charged with a 922(g)(1). This 1961 law, *as applied* to the defendant, is violating his constitutional rights under the 2nd Amendment as applied. The defendant asserts that he is race of the people entitled to keep and bear arms as the required Supreme Court's "historical tradition" analysis does not support disarming people like him.

## LEGAL STANDARD

The defendant is bringing forward an as-applied challenge, that while the law has permissible applications it "*is nonetheless unconstitutional as applied*" to him. **Spence v. Washington**, 418 U.S. 405, 414, 94 S. Ct. 2727, 41 L. Ed 2d 842 (1974); also **Street v. New York**, 394 U.S. 576, 594, 89 S. Ct. 1354 22 L. Ed 2d 572 (1969)

The 2nd Amendment to the Constitution secures a citizen's right to keep and bear arms. The 2nd Amendment states, "*A well-regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed.*" In **District of Colombia v. Heller**, 554 U.S. 583-84, 128 S. Ct. 2783, 171 L. Ed 2d 637 (2008) the Supreme Court held that the 2nd Amendment guarantees an individual right to keep and bear arms unconnected with militia service. As the now Supreme Court justice Amy Coney-Barrett wrote in **Kanter v. Barr**, 919 F.3d 437, 440 (7th Circuit, 2019), Heller defined "*the people*" protected by the Second Amendment as "*all Americans*" and that "*neither felons nor the mentally ill are categorically excluded from our national community.*" **United States v. Verdugo-Urqudez**, 494 U.S. 259, 265, 110 S. Ct 1056, 108 L. Ed 2d 222 (1990) states that "*the people refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with the country to be considered part of that community.*"

A Harvard Law Review article recently highlighted by **RacialJusticeReform.com** discusses that the development of the 2nd Amendment over time was geared around an "*extensive history of black people's inability to access guns during the days of chattel slavery, reconstruction, and Jim Crow.*" This incapacity left black people vulnerable to violence and lynchings from local racist groups including the Klu Klux Klan. **136 Harv. L. Rev. 23, 77 (2022).** Blacks and Latinos who have convictions for non-violent crimes are left in a position where they have no ability to defend their lives or the lives of their family in often crime infested urban neighborhoods, while their families' lives are equally as precious as those of the families of non-felons.

The Supreme Court decided in **New York State Rifle & Pistol Ass'n Inc. v. Bruen**, 142 S. Ct 2111, 2131 L. Ed 2d 387 (2022) that the laws affected by the 2nd amendment must reflect the nation's historical tradition of firearm regulation. A person's right to bear arms must be evaluated based on the historical tradition at the time of the passage of the 2nd Amendment in 1791 or at minimum the passage of the 14th Amendment in 1868.

The 3rd Circuit ruled en banc in **Range v. AG United States**, 2023 U.S. App. LEXIS 13972 (3rd Cir, 2023) that Byran David Range may carry a weapon even though he was convicted of a crime that is punishable by imprisonment for a term of more than 1 year. They reasoned that in 1791 common law felonies were very serious offenses, whereas today felonies include a wide swath of crimes. While the Federal Firearms Act of 1961 restricted those with a conviction punishable with a sentence exceeding one year, the earlier version of this law, the Federal Firearms Act of 1938 restricted those with specific violent crimes like murder, rape, kidnapping and burglary [robbery]. Judge Amy Coney-Barrett stated in Kanter "*one [approach] uses history and tradition to identify the scope of the*

*[constitutional] right and the other uses that same body of evidence to identify the scope of the legislature's power to take it away."* While Bryan Range was only convicted of a food stamp fraud offense, the court came to the holding that he could carry a weapon specifically based on the Bruen standard that defendants charged with 922(g)(1) must meet the historical standard, which he did not.

Hon. Judge Carlton Reeves, the current Chairman of the United States Sentencing Commission, recently ruled on **United States v. Bullock**, 2023 U.S. Dist. LEXIS 112397 (SD Miss, June 28, 2023). Jessie Bullock had a previous conviction from when he got in a bar fight and was convicted of aggravated assault and manslaughter, whereby he served about 15 years in state prison. Judge Reeves finds that the term *"law abiding responsible citizen"* is hopelessly vague, quoting the 3rd Circuit in Range, that *"the phrase law abiding responsible citizen is as expansive as it is vague." "Does it include those who have committed summary offenses or petty misdemeanors, which typically result in a ticket and a small fine?"* … *"As for responsible, it serves only to undermine the Government's argument because it renders the category **hopelessly vague**. In our Republic of over 330 million people, Americans have widely divergent ideas about what is required for one to be considered a responsible citizen."* **United States v. Rahimi**, 61 F.4th 443(5th Cir, 2023) further contemplates this and asks *"could speeders be stripped of their right to keep and bear arms? Political nonconformists? People who do not recycle or drive an electric vehicle?"*

Judge Reeve's historical evaluation reveals that there is no clear and straightforward definition of what a restricted felon was in 1791. Founding father James Madison *"complained that the common law definition of a felony was vague."* Traditional common law felonies were murder, manslaughter, arson, burglary, robbery, rape, sodomy, mayhem and larceny, yet most of those with these charges were allowed to bear arms in 1791. Historical analysis shows that some states in 1791 eliminated *"those in actual rebellion"* or *"dangerous persons"* or included only *"peaceable citizens"* or *"virtuous citizens"*. The historical analysis shows that *"the parameters were unclear at the time of Constitution."* In 2011, the US Department of Justice formally advanced the position that early American history did not support felon disarmament. See brief of appellee, **United States v. Staten**, No. 10-5318, 2011 WL 1542053 (4th Cir, 2011). Historians also show that persons could have their firearm rights restored *"once they no longer posed a violent threat."* Mr. Bullock had completed his incarceration. As to Mr. Bullock's prior conviction, as discussed in Rahimi, he was properly charged, disarmed, *"detained, prosecuted and incarcerated and that's what the criminal justice system is for."* The court ruled that the 922(g)(1) charge against Bullock should be dismissed.

### DISCUSSION

The defendant is currently charged with a 922(g)(1). This charge is based upon defendant's prior conviction for a crime that is punishable by a term that exceeds on year. While this is true, none of the defendant's crime meets the historical standards as required in Bruen and Range and even less so the vague historical analysis discussed in Bullock. Even the 1938 Federal Firearms Act, which only restricted firearms for those with violent crimes, was passed 147 years after the passage of the 2nd amendment and therefore even cannot qualify as upholding the 2nd amendment or of being an accurate historical evaluation of the type of felon that could have been restricted in 1791.

### CONCLUSION

Accordingly, the defendant's charge under 922(g)(1) should be dismissed with prejudice.

Signed:        x_____

Print Name:    _____

Date:          _____

Quinn Fulston
354 Doremus Ave.
Newark, NJ 07105

J2020

LEGAL
MAIL



7018 1130 0001 7831 6519

Clerk of Courts
50 Walnut St.
Newark, NJ 07102



US POSTAGE {PITNEY BOWES}

ZIP 07105
02 7H
0006112508   $ 008.53⁰
             JUL 17 2023

07102-350667